Carlos **MARCELLO**, Petitioner,

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE**, Respondent.

No. 71–1343

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 5, 1971.

Jack Wasserman, Washington, D. C., for petitioner.

New York, et al., 5 Cir., 1970, 431 F.2d 409.

John N. Mitchell, Atty. Gen. of U. S., Dept. of Justice, Washington, D. C., Troy A. Adams, Jr., Dist. Dir., I. N. S., Gerald J. Gallinghouse, U. S. Atty., E. D. La., New Orleans, La., George W. Masterton, Jr., Atty., Crim. Div., Dept. of Justice, Washington, D. C., K. Eric Gisleson, Sp. Atty., Crim. Div., U. S. Dept. of Justice, New Orleans, La., for respondent; Will Wilson, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., of counsel.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

In 1963 Petitioner Marcello filed a motion to reopen a 1961 deportation proceeding which the Immigration and Naturalization Service denied. On December 9, 1970, petitioner filed a second motion to reopen, the denial of which is here under review. The Immigration and Naturalization Service on both occasions held that petitioner was premature in his petitions to reopen the case. The Immigration and Naturalization Service reached this conclusion by considering that the petitioner had been validly deported to Guatemala in 1961 and had thus not then resided within the United States for ten years.

▮ Petitioner here, however, contends that the 1961 deportation order was invalid for a multiplicity of reasons. We need not reach a determination of that issue. It appears that notwithstanding the validity of the 1961 order, petitioner has now been a resident of the United States for a period of more than ten years and is therefore eligible under the Immigration and Naturalization Service regulations to reopen the 1961 deportation proceedings. Thus this appeal is moot. Since petitioner is able to obtain the relief he seeks of this court directly from an administrative agency, it would be unseemly for this court to direct that agency to comply with its regulations in a situation where there is no evidence that the agency has failed or is unwilling to comply with its own regulations. This appeal is therefore dismissed.

Dismissed as moot.