**Carlos MARCELLO, Plaintiff,**

v.

**The ATTORNEY GENERAL OF the UNITED STATES, Defendant.**

**Civ. A. No. 330–72.**

United States District Court, District of Columbia.

Sept. 27, 1972.

Jack Wasserman, Washington, D. C., for plaintiff.

Paul C. Vincent, Washington, D. C., for defendant.

RICHEY, District Judge.

## I. *Facts*

This cause came before the Court on August 18, 1972, on the defendant's Motion to Dismiss or in the alternative for Summary Judgment, said Motion having been filed in response to plaintiff's Complaint for a Declaratory Judgment to set aside and declare invalid a request by the defendant that the plaintiff execute an Italian passport application.

Briefly, the facts giving rise to the instant Complaint are these. Plaintiff Carlos Marcello was born in Tunis, North Africa of Italian parents on February 6, 1910. While an infant he was brought by his parents to the United States. He never became a citizen of this country. On June 1, 1953, the Board of Immigration Appeals ordered that the plaintiff be deported from the United States under § 241(a)(11) of the Immigration and Nationality Act, 8 U. S.C. § 1251(a)(11), on the ground that he had been convicted in 1938 of a viola-

tion of law relating to illicit traffic in marijuana. This order was upheld by the Supreme Court in Marcello v. Bonds, 349 U.S. 302, 75 S.Ct. 757, 99 L.Ed. 1107 (1955).

The Immigration and Naturalization Service (INS) obtained a travel document from the Italian Consulate on November 5, 1956. This document, which was valid until November 7, 1956, was not revalidated after that date because Marcello obtained an injunction from the Tribunal of Rome against the issuance of any Italian travel document pending the outcome of a civil action which he had instituted in November of 1956, in Rome, seeking a declaration that he was not an Italian citizen and opposing the issuance of a travel document to enforce his repatriation.

The plaintiff was able to remain in the United States until 1961, when the INS came into possession of what purported to be a birth certificate indicating that the plaintiff was a citizen of Guatemala. In April 1961 he was deported to Guatemala upon a determination by defendant that he was a citizen of Guatemala. In May 1961, the plaintiff reentered the United States without the permission of the United States Government. A new deportation proceeding was brought against him by the INS and on December 20, 1961, the Board of Immigration Appeals ordered that he be deported on the grounds that he was excludable at the time of his 1961 reentry, 8 U.S.C. § 1251(a)(1), and that he was convicted of a law governing the taxing of marijuana, 8 U.S.C. § 1251(a)(11). Defendant's Exh. "A".

This deportation order of December, 1961 could not be executed because of the Italian litigation which was still pending in Rome. On December 1, 1966, the Civil Tribunal of Rome rendered judgment rejecting Marcello's contention that he was not a citizen of Italy. It further declared that the travel document issued by the Italian Consulate on October 31, 1956 was illegal, but did not specifically preclude the issuance of a travel document on Marcello's behalf in some other manner. Plaintiff's Exhibit "P–13." The defendant states in his pleadings that in September 1971, the United States Embassy in Rome was informed by the Italian Government that it would consider granting a passport to the plaintiff if he filed an application for an Italian passport.

By letter dated January 21, 1972, the District Director of the INS at New Orleans, Louisiana requested the plaintiff to appear at his office on January 31, 1972, to execute an application for an Italian passport. Plaintiff's appearance was later postponed until February 4, 1972, at which time he appeared and refused to execute the application. Plaintiff was given another opportunity to appear on February 22, 1972, but by a letter sent through his attorney refused to do so, because of the reasons set forth in the instant Complaint. Defendant's Exhibit "B".

On February 4, 1972, the Board of Immigration Appeals granted the plaintiff's application to reopen his deportation hearing to give him the opportunity to file an application under 8 U.S.C. § 1254(a)(2) for suspension of his deportation. At the same time, however, the Board denied his request for a stay of deportation pending the outcome of the reopened hearing, and declined to withdraw the outstanding order of deportation. The Board found that since the result of an application for suspension of deportation cannot be predicted, an order reopening deportation proceedings only provides for the withdrawal of an outstanding order in the event that the application for suspension is granted. Defendant's Exhibit "C".

## II. *Issues and Contentions Presented*

a. In his present Complaint, the plaintiff seeks a judgment declaring that the request of the defendant that plaintiff sign an Italian passport application is premature, untimely, arbitrary and contrary to law. He bases his demand for a declaratory judgment on the grounds that the requirement of 8 U.S. C. § 1252(e) that an alien make timely

application for travel documents is operative only in the face of a valid and final order of deportation, and that in view of the circumstances leading to the deportation order of 1961 and the presently reopened hearings for suspension of deportation, the 1961 deportation order is neither a valid nor a final order of deportation outstanding against him.[1] Plaintiff further contends that both the passport application which he has been requested to sign and Italian law require the written consent of the plaintiff's wife. It further provides for plaintiff to make a declaration that he is not under pending criminal proceedings,[2] neither of which requirements plaintiff is presently able to fulfill.[3]

b. The defendant, in his Motion to Dismiss or in the alternative for Summary Judgment, contends that the only issue involved in this action is whether the Attorney General, acting through the District Director of the INS in New Orleans, has abused his discretionary authority in requesting the plaintiff to execute an application for an Italian passport at this time.

III. *Discussion*

■■ It is clear that the Attorney General as the person charged with the administration of the immigration laws has broad discretion in implementing the policies of the Act he administers. Royalton College, Inc. v. Clark, 295 F. Supp. 365, 370 (D.C.D.Vt.1969). In requesting the plaintiff's cooperation in executing the Italian passport application, the Attorney General has exercised his discretion, and this Court must be reluctant to interfere with his decision unless a clear abuse of discretion can be demonstrated. See Carlson v. Landon, 342 U.S. 524, 72 S.Ct. 525, 96 L.Ed. 547 (1952).

■ It is equally clear that the plaintiff has a duty to cooperate with the Attorney General and his delegates in the preparation of travel documents necessary to his possible departure under the deportation order presently outstanding against him. See 8 U.S.C. § 1252(e).[4] While no criminal prosecution has been brought in plaintiff's case, the obvious intendment of the below-quoted section is to aid the Attorney General in effec-

---

1. Plaintiff contends that the 1953 order of deportation was, at the request of the Government, declared *"functus officio"* on June 5, 1961, by the United States District Court in Shreveport, Louisiana, and as such is not before the Court. Marcello v. Johnson, C.A. 8311, (W.D. La., June 5, 1961). In view of this Court's decision concerning the reviewability of the 1961 order, it is unnecessary to discuss the 1953 Order at this time.

2. Plaintiff Marcello is presently on parole in criminal proceedings. The Court takes note here of the fact that in plaintiff's Supplemental Memorandum in Opposition to defendant's Motions, no further mention is made of his inability to sign the passport application by virtue of his being on parole. This is apparently the result of a letter received from the Consul General of Italy dated August 25, 1972, which expresses the belief that such limitations are connected to the existence of criminal proceedings in Italy only. Plaintiff's Exhibit "1".

3. With respect to plaintiff's Supplemental Memorandum in Opposition to defendant's Motions to Dismiss and for Summary Judgment filed on September 8, 1972, the Court further notes that the arguments raised therein are substantially similar to those advanced in his original pleadings and therefore require little additional comment.

4. The Immigration and Nationality Act provides in part:
"Any alien against whom a final order of deportation is outstanding by reason of being a member of any of the classes described in paragraphs . . . (11) . . . of section 1251(a) . . . who . . . shall willfully fail or refuse to make timely application in good faith for travel or other documents necessary to his departure, or who shall . . . take any other action, designed to prevent or hamper . . . his departure pursuant to such order of deportation . . . shall upon conviction be guilty of a felony, and shall be imprisoned not more than ten years." 8 U.S.C. § 1252(e).

tuating the deportation of undesirable aliens. This purpose will be frustrated if the plaintiff, against whom an order of deportation has been entered, can refuse at will to cooperate with the Attorney General or refuse to comply with his lawful requests.

■ Recognizing that it is the validity of the presently outstanding order of deportation which the plaintiff contests, this Court after studying the statutory provisions and cases related thereto finds that it lacks jurisdiction to determine this issue. Jurisdiction of judicial proceedings to review deportation orders is vested, with exceptions not here relevant, exclusively in the appropriate Court of Appeals. In this case the appropriate Court is the United States Court of Appeals for the Fifth Circuit, 8 U.S.C. § 1105a. Foti v. INS, 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963); Giova v. Rosenberg, 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (1964).

The Court further notes that in dismissing as moot plaintiff's challenge to a Board order denying reopening of deportation proceedings, the United States Court of Appeals for the Fifth Circuit specified that the contention as to the validity of the 1961 deportation order had become moot since 10 years had elapsed and since under 8 U.S.C. § 1254(a)(2) plaintiff was eligible to apply for suspension of deportation. Marcello v. INS, C.A.5, 1971, 449 F.2d 349. The Board of Immigration Appeals in its order of February 4, 1972 has also held that the validity of the 1961 deportation order is not involved in the reopened hearing which is being granted to the plaintiff since he has now been a resident of the United States for more than 10 years.[5] Defendant's Exhibit

"C". In view of these circumstances, a determination by this Court as to the validity of the 1961 order of deportation even as a collateral issue to this Complaint for Declaratory Relief would be improper at this time.

Plaintiff has not demonstrated that he will be prejudiced by complying with the Government's request that he execute the passport application at this time. He may appeal from an adverse order of the Special Inquiry Officer conducting the reopened hearing and the INS has assured him that it has no intention of attempting to execute the order of deportation while his application for suspension is under consideration. Defendant's Exhibit "B–4". In view of the nineteen year history of the deportation and other proceedings concerning this plaintiff, it cannot be said that the Government's desire to prepare for the plaintiff's possible deportation should his application for suspension of deportation be denied is premature or untimely.

As regards the plaintiff's complaints that his wife must also sign the application involved and that the application requires a declaration that plaintiff is not under pending criminal proceedings, the Court notes that the INS has advised the plaintiff that the application would be acceptable to it without the signature of his wife. Defendant's Exhibit "B–4". Further, this Court is not in a position to determine whether the passport application as requested of the plaintiff will be acceptable to the Italian Government if it is executed and completed by him. Such determination can only be made by the Italian Government itself.

---

5. Plaintiff's citation of Foti v. INS, 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963) in his Supplemental Memorandum for the proposition that there can be no final order of deportation as long as the present deportation hearings are continuing is distinguishable on its facts from the present action. There, the Supreme Court noted that where hearings on deportability and on application for suspension of deportation are held in one proceeding, no deportation order is entered at all when suspension of deportation is granted. Here, the deportation hearing was held in 1961 and an order of deportation was entered at that time. As noted above, the Board of Immigration Appeals has found that the present proceedings do not nullify that order.

### IV. *Conclusion*

For all of the foregoing reasons, the Court finds that there is no dispute as to any material fact in this matter, and that as a matter of law the Attorney General of the United States, through his delegate, has acted within the discretionary authority conferred upon him under 8 U.S.C. § 1103(a), and that the defendant's Motion for Summary Judgment should be granted and the Complaint dismissed.

Counsel for the defendant will present an appropriate order in accordance with this opinion and with the necessary and pertinent Findings of Fact and Conclusions of Law.